## SIMPSON v MARY LEE CANDIES, INC.

Ohio Appeals, 9th Dist, Summit Co

No 3165. Decided Oct 6, 1939

Carl M. Myers, Akron, and Bruce W. Bierce, Akron, for appellee.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellant.

### OPINION

By STEVENS, J.

In the trial court this case was submitted to a jury, under instructions concerning which no complaint is made, with a resultant $12,500 verdict for plaintiff. An appeal upon questions of law brings the matter into this court.

On August 21, 1936, between 11 and 12 a. m., plaintiff (appellee) entered the store of defendant (appellant) for the purpose of purchasing her lunch. As she walked westerly from the entrance toward the rear of the store, and when she had reached a point nearly opposite the end of the candy counter along the south side of the store, she stepped upon a portion of the floor which had been recently mopped with soapy water by an employee of defendant. It is asserted that the floor was slippery, that such condition was not discernable to one walking thereon, that the mopping was being done at a time when defendant knew that patrons were using that part of the store, that plaintiff was not warned of the existence of the slippery condition, and that defendant thereby did not exercise ordinary care to keep its premises in reasonably safe condition for the use of its patrons.

On behalf of defendant, it is claimed that defendant was not guilty of negligence, that the mop and bucket, as well as the colored porter who was doing the mopping, were plainly visible, and that plaintiff was guilty of contributory negligence in not avoiding the moist place upon the floor, when she should have observed that the same had been recently mopped, and must have seen the porter, the mop, and the bucket.

On the issue of negligence, as well as upon the issue of contributory negligence, there is a conflict in the evidence, and the members of the court are unable to unanimously agree that the finding of the jury that defendant was guilty of negligence, and that plaintiff was not guilty of contributory negligence, is manifestly against the weight of the evidence.

We are of the opinion that the case was one properly submissible to the jury, and that the trial court did not err in refusing to sustain defendant's motions for a directed verdict, for judgment notwithstanding the verdict, or for a new trial.

We are likewise of the opinion that the verdict is not against the weight of the evidence.

It is next claimed that the damages awarded by the jury are excessive, and appear to have been given under the influence of passion and prejudice.

It is true that the verdict is large, but in the light of the conflicting expert evidence as to the nature and extent of plaintiff's injury and the probable permanency thereof, the determination of the amount to be awarded therefor was peculiarly for the jury.

**28**

We find nothing to indicate the existence of passion or prejudice, and we do not find that, under all of the circumstances shown by the record, we would be justified in disturbing the verdict of the jury, or the judgment entered thereon.

Judgment affirmed.

WASHBURN, PJ. & DOYLE, J., concur.